# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Adrian Darby, #342254,** ) | Case No. 2:16-cv-714-RMG-MGB |
| ) | |
| **Petitioner,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Warden, Allendale Correctional Instn.,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

Adrian Darby ("Petitioner") has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (DE# 1). Petitioner is proceeding *pro se* and *in forma pauperis*. Petitioner is a state prisoner and thus, is entitled to the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was deemed "filed" at the moment of delivery to prison authorities for forwarding to the court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On March 15, 2016, a Show Cause Order (DE# 7) was entered, giving Petitioner twenty-one (21) days (plus three days for mail time) to file a factual explanation as to why his petition should not be dismissed as time-barred, based on the applicable one-year period of limitations. See 28 U.S.C. § 2244(d). To date, Petitioner has not responded to the Court's Show Cause Order. Having carefully reviewed the record and applicable authority, the Magistrate Judge recommends that the Petition be **dismissed with prejudice** for the following reasons:

**I. Background**

In 2010, the Grand Jury in Orangeburg County, South Carolina, indicted Petitioner for criminal charges of first degree burglary and "assault and battery of a high and aggravated nature." (See Indictment Nos. 2010-GS-3800240, 2010GS3800241). Petitioner pleaded guilty, and the state court sentenced him to fifteen (15) years imprisonment. Petitioner indicates that his direct appeal was dismissed on August 8, 2011. (DE# 1, ¶ 9(d)).

Petitioner indicates that he filed for state post-conviction relief ("PCR") the following year, on June 15, 2012. (DE# 1 at ¶ 11(b)(3)). A state records check reflects that Petitioner's PCR application was filed on May 30, 2012 and dismissed on March 5, 2014.[1] Petitioner indicates that he filed a "supplemental petition for writ of certiorari" in the Supreme Court of South Carolina and that such supplemental petition was denied on March 4, 2015. (*Id*. at ¶ 12(d)).[2]

Petitioner indicates that he placed his federal petition for habeas corpus in the prison mail system on February 29, 2016. (DE# 1 at 15).

**II. Discussion**

Review of the petition reflects that the Petitioner has not timely filed the instant § 2254 petition. *See Day v. McDonough*, 547 U.S. 198, 208 (2006) (a district court may *sua sponte* consider the timeliness of a § 2254 habeas petition). The Complaint Form requests information concerning the timeliness of filing of the § 2254 petition, as follows:

> TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

The question ends with a footnote that contains the relevant part of 28 U.S.C. § 2244(d), as follows:

---

[1] See http://publicindex.sccourts.org/Orangeburg/PublicIndex (site last visited April 18, 2016). Any minor discrepancy in dates would not affect the result here, as Petitioner has exceeded the one year period of limitations by many months.

[2] A records check reflects that this "supplemental petition" was a state *Johnson* petition.

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:
>
> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*. Petitioner responded only with the conclusory assertion that "this petition is in a timely manner." (DE# 1, ¶ 18).

The one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, see 28 U.S.C.A. § 2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date. Thus, on direct appeal, a petitioner's conviction generally becomes final ninety (90) days after the final ruling of the South Carolina Supreme Court. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) ("If no petition for a writ of certiorari is filed in the

United States Supreme Court, then the limitation period begins running when the time for doing so—90 days—has elapsed."); *Harris v. Hutchinson*, 209 F.3d 325, 328, n. 1 (2000); *and see, e.g., Bailey v. McCall,* Case No. 6:11–832–TLW–KFM, 2013 WL 786837, *4 (D.S.C. Jan. 22, 2013) (explaining that petitioner's conviction was affirmed by the South Carolina Court of Appeals, after which petitioner unsuccessfully sought rehearing, followed by a petition for writ of certiorari to the Supreme Court of South Carolina; upon denial of certiorari, the statute of limitations began to run 90 days later*), adopted by* 2013 WL 786737 (D.S.C. Feb. 28, 2013).[3]

Here, Petitioner indicates his appeal was dismissed on August 8, 2011. He does not indicate he sought rehearing pursuant to South Carolina Rule 221(a), and thus, his conviction was final fifteen days later on August 23, 2011. The time (279 days) up to the date he filed his state PCR application on May 30, 2012 was not tolled. This means it counted toward the one year period of limitations. The one-year period of limitations was then statutorily tolled until state PCR review concluded. See 28 U.S.C.A. § 2244(d)(2) (one-year limitations period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). The Fourth Circuit Court of Appeals has "construed a state post-conviction proceeding to include all state-court proceedings 'from initial filing [in the trial court] to final disposition by the highest state court.' " *Harris*, 209 F.3d at 327 (quoting *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999), *cert. denied*, 528 U.S. 1197 (2000). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for

---

[3] An earlier date of "finality" may occur where a petitioner does not pursue all available state appellate process. *See e.g., Lewis v. Cartledge*, Case No. 1:12-cv-2584-SB-SVH, 2014 WL 517469 (D.S.C. Feb. 6, 2014) (explaining that "Petitioner did not petition the Court of Appeals for rehearing, and therefore, his conviction became final … after the time for filing a petition for rehearing expired … no later than fifteen days after the filing of the opinion or order of the court"), *appeal dism'd*, 575 F.App'x, 113 (4th Cir. 2014).

certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001), *cert. denied*, 534 U.S. 1080 (2002).

Petitioner's PCR application was dismissed on March 5, 2014. He indicates he filed a "supplemental petition for writ of certiorari" in the Supreme Court of South Carolina, which was denied on March 4, 2015. (*Id*. at ¶ 12(d)). Even assuming that such supplemental petition was "properly filed" for purposes of 28 U.S.C.A. § 2244(d)(2) and that it tolled the one year period of limitations, Petitioner's § 2254 petition is not timely. The time from March 5, 2015 (the date after the "supplemental petition for writ of certiorari" was denied) until February 29, 2016 (the date Petitioner indicated he placed his federal petition in the prison mail system) amounts to an additional 362 days of untolled time. Thus, even with statutory tolling, the record reflects that Petitioner filed his § 2254 petition after more than one year of untolled time had passed.[4]

Petitioner has provided no basis for equitable tolling or other exception in his petition. A petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *see also McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) (discussing actual innocence as an "equitable exception" to § 2244(d)(1)); *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004). Petitioner has not pointed to any "extraordinary circumstance" that prevented him from timely filing his federal petition during the limitations period. Petitioner has not shown any basis for equitable tolling (and none is apparent from the record). Despite notice and opportunity, Petitioner has not responded to the Show Cause Order.

---

[4] A total of approximately 641 days of untolled time passed before Petitioner filed his federal petition.

To the extent that the Petitioner may be proceeding on a misapprehension that the one-year period should run from the date the South Carolina Supreme Court denied his supplemental petition on March 4, 2015, the Fourth Circuit Court of Appeals has rejected such interpretation. *See Harris*, 209 F.3d at 327 (rejecting argument "that the one-year period [for federal habeas filing] does not commence until the conclusion of state post-conviction proceedings"). An erroneous interpretation by Petitioner would not provide a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control").

In sum, review of the record indicates that, even with the benefit of the prisoner mailbox rule and statutory tolling, Petitioner filed for federal habeas relief pursuant to § 2254 more than one year after his judgment of conviction became final. Petitioner was given notice and opportunity to respond, but has not responded to this Court's Show Cause Order. The time for doing so has now expired. *See Braxton*, 277 F.3d at 707 (holding that courts have discretion to *sua sponte* dismiss habeas petition for untimeliness, after notice and opportunity to respond is provided). Therefore, this Petition should be dismissed as time-barred.

### III.  Certificate of Appealability ("COA")

Having determined that the Petition is subject to dismissal, the Court next considers whether Petitioner is entitled to a certificate of appealability ("COA"). Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petition is dismissed on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where the petition is dismissed on procedural grounds, a COA will not issue unless the petitioner demonstrates both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012).

Here, the record plainly shows that more than one year of untolled time passed since Petitioner's conviction was final. Therefore, the petition is time-barred. The Magistrate Judge recommends that jurists of reason would not find it debatable whether such procedural ruling is correct.

Accordingly, the Magistrate Judge **RECOMMENDS** that the Petition (DE#1) should be **dismissed with prejudice** and that a certificate of appealability be **denied**.

**IT IS SO RECOMMENDED.**

April 19, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Petitioner's attention is directed to the **important notice** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).